UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TERRY STEWARD,

        Petitioner,

  v.

JULIE WOLCOTT, Orleans Corr. Fac. Superintendent,

        Respondent.

Case # 20-CV-6282-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Petitioner Terry Steward is an inmate at the Orleans Correctional Facility serving a state-imposed sentence for manslaughter. ECF No. 1 at 1, 6. He submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1 at 1. Petitioner claims that the conditions of his confinement render his continued confinement unconstitutional due to the dangers presented by the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic. *Id.* Petitioner seeks immediate release from custody. *Id.* Respondent, Julie Wolcott, has filed a motion to convert Petitioner's petition under 28 U.S.C. § 2241 into a petition under 28 U.S.C. § 2254. ECF No. 4. On May 28, 2020, Petitioner responded to Respondent's motion and filed a motion for judgment on the pleadings or default judgment under Federal Rules of Civil Procedure 12(c) and 55(a). ECF No. 6. On May 29, 2020, Petitioner filed an affidavit in support of his motion for judgment on the pleadings or default judgment. ECF No. 7. For the following reasons, Respondent's motion is GRANTED, and Petitioner's motion is DENIED.

**DISCUSSION**

**I.      Statutory Basis for the Petition**

Respondent argues that relief is unavailable to Petitioner under Section 2241 and, accordingly, the Court must convert the Petition into a request for relief pursuant to Section 2254. ECF No. 4-4 at 2. The Court agrees.

Section 2254 provides that the Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254(a). Section 2241 more broadly extends to any prisoner "in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2241(c)(3). Generally speaking, "Section 2241 is not an independent and separate avenue of relief but is to be read in conjunction with the requirements of [Section] 2254, which are 'a limitation on the general grant of jurisdiction conferred in [S]ection 2241 that applies to cases involving prisoners subject to state court judgments.'" *Torres v. Cronin*, No. 19-CV-6462, 2019 WL 6001000, at *1 (W.D.N.Y. Nov. 14, 2019) (quoting *Rittenberry v. Morgan*, 468 F.3d 331, 338 (6th Cir. 2006)).

Accordingly, "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under [S]ection 2241, the district court must treat it as a [S]ection 2254 application instead." *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003). Whether the Petition appropriately falls under Section 2241 or 2254 is not a mere formality. Section 2254 contains a strict statutory exhaustion requirement and bars relief "unless the 'applicant has exhausted the remedies available in the courts of the State' or 'there is an absence of available State corrective process.'" *McPherson v. Lamont*, No. 20-CV-534, 2020 WL 2198279, at *4 n.2 (D. Conn. May 6, 2020) (quoting 28 U.S.C. § 2254(b)(1)(A)). Section 2241 is subject to a judge-

made exhaustion requirement. *Id.*; *Elleby v. Smith*, No. 20-CV-2935, 2020 WL 2611921, at *4 n.3 (S.D.N.Y. May 22, 2020). Compared to Section 2254's exhaustion requirement, Section 2241's exhaustion requirement may be easier to avoid in light of the current pandemic. *Compare McPherson*, 2020 WL 2198279, at *7 (excusing exhaustion under Section 2241 "in light of the extraordinary circumstances presented by the COVID-19 pandemic"), *with Money v. Pritzker*, Nos. 20-CV-2093, 20-CV-2094, 2020 WL 1820660, at *21 (N.D. Ill. Apr. 10, 2020) (holding that Section 2254's exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"), *and Griffin v. Cook*, No. 20-CV-589, 2020 WL 2735886, at *2–3 (D. Conn. May 26, 2020) (refusing to consider Section 2254 petition as a Section 2241 petition and dismissing Section 2254 petition for failure to exhaust).

In *Cook*, the Second Circuit explained that "[a] state prisoner . . . not only may, but according to the terms of [S]ection 2254 must, bring a challenge to the execution of his or her sentence . . . under [S]ection 2254." 321 F.3d at 278. Conversely, a person in custody pursuant to a federal conviction "may petition for a writ of habeas corpus under Section 2255 or Section 2241, depending on the nature of the challenge: 'a federal prisoner's challenge to the *execution* of a sentence is properly filed pursuant to [Section] 2241, rather than Section 2255, because Section 2255 allows a federal prisoner to challenge only the legality of the original *imposition* of a sentence.'" *Llewellyn v. Wolcott*, No. 20-CV-498, 2020 WL 2525770, at *3 (W.D.N.Y. May 18, 2020) (alteration in original) (quoting *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)).

In other words, Section 2255 "is critically narrower than [S]ection 2254." *Cook*, 321 F.3d at 278. This distinction derives from the "plain language of the pertinent statutes[, which] indicates . . . that a federal prisoner may challenge the imposition, but not the execution, of a sentence under

3

Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254." *James*, 308 F.3d at 167.

Because Petitioner is a state prisoner, ECF No. 1 at 1, the Court must examine whether Petitioner is challenging the execution of his sentence. If he is, his Petition must be brought under Section 2254. *James*, 308 F.3d at 167. Petitioner seeks immediate release from custody based on the conditions of his confinement, which he alleges are unconstitutional.[1] ECF No. 1 at 1.

Although it appears that the Second Circuit has not explicitly considered the issue with respect to state prisoners, the Second Circuit has specified that conditions of confinement claims by federal prisoners relate to the execution of their sentences. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (noting that matters relating to the execution of a federal sentence include "the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and *prison conditions*" (omission in original, internal quotation marks omitted)). "There is no reason to conclude differently in the context of a state prisoner's prison conditions-based claim under Section 2254." *Llewellyn*, 2020 WL 2525770, at *3 n.6.

The Court does not reach this conclusion lightly. Other courts in this circuit have concluded that state prisoners may challenge the execution of their sentence via Section 2241. *McPherson*, 2020 WL 2198279, at *5; *Wool v. Baker*, No. 19-CV-65, 2020 WL 1140007, at *2 (D. Vt. Mar. 9, 2020); *Miller v. Reily*, No. 06-CV-6485, 2007 WL 433394, at *2 (E.D.N.Y. Feb. 5, 2007). But these cases all rely on Second Circuit authority involving federal prisoners challenging the *execution* of their sentences and, accordingly, relief is unavailable to such petitioners under Section 2255. *E.g.*, *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 630, 632 (2d Cir. 2001). For federal

---

[1] In the Second Circuit, a prisoner may challenge their conditions of confinement via a habeas petition. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008).

prisoners, Section 2241 is the only avenue of relief if they wish to challenge the *execution* of their sentence because Section 2255 "is critically narrower than [S]ection 2254." *Cook*, 321 F.3d at 278. In contrast, in proceedings involving state prisoners challenging the execution of their sentences, the statutory scheme not only permits, but requires, relief to be sought pursuant to Section 2254. *Id.*; *see also Griffin*, 2020 WL 2735886, at *4 ("[T]he rights of federal prisoners to proceed under [S]ection 2241 to challenge the execution of their sentences does not signify that sentenced state prisoners may also do so.").

However, the Second Circuit has also suggested in dicta that Section 2241 may be the appropriate vehicle for a state prisoner's conditions of confinement petition. *Jones v. Smith*, 720 F.3d 142, 147 (2d Cir. 2013) ("We express no opinion, however, about whether habeas petitions that challenge a prisoner's *conditions* of confinement—either mislabeled as [Section] 2254 or 2255 petitions or properly filed under 28 U.S.C. § 2241—or those challenging civil confinement would constitute strikes."). In that case, the Second Circuit held that "dismissals of habeas petitions challenging the prisoner's conviction or the duration of his confinement should not be considered strikes for purposes of the [Prison Litigation Reform Act ("PLRA")]." *Id.* Other courts have made similar pronouncements in dicta. *Pollard v. Terrell*, No. 10-CV-4811, 2011 WL 5117590, at *2 (E.D.N.Y. Oct. 24, 2011) ("[P]etitioner appears to challenge neither the fact nor the duration of his confinement—'core habeas' claims often litigated under 28 U.S.C. § 2254 and § 2255—nor the conditions of his confinement, often litigated under [Section] 2241."); *Figueroa v. Walsh*, No. 06-CV-4179, 2007 WL 2288048, at *3 (E.D.N.Y. Aug. 8, 2007) ("Section 2241 is appropriate to challenge the execution of a [state] prisoner's sentence, 'such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, or

conditions of confinement.'" (quoting *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003));[2] *see also Cameron v. Bouchard*, No. 20-CV-10949, 2020 WL 2569868, at *2–3, *13–14 (E.D. Mich. May 21, 2020) (finding, without considering the appropriateness of relief under Section 2254, that Section 2241, as opposed to 42 U.S.C. § 1983, was a possible avenue for relief for a mixed group of pretrial[3] and convicted state detainees seeking release based on COVID-19); *Kemp v. Logan Cnty. Sheriff's Dep't*, No. 20-CV-296, 2020 WL 2374242, at *2 (W.D. Okla. Apr. 10, 2020) (analyzing state-prisoner habeas corpus petition brought pursuant to Section 2241 but recommending dismissal on exhaustion grounds).[4]

---

[2] The court in *Walsh* noted that "[t]he Second Circuit has held that, regarding grounds for relief, 'Sections 2254 and 2255 are generally seen as *in pari materia*.'" *Id.* at *3 n.2 (quoting *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000)). But in *Fama*, the Second Circuit only concluded "that, with regard at least to the timeliness of motions for leave to amend, the two statutes remain equivalent" based in part on the applicability of the same "one-year statute of limitation" to both. 235 F.3d at 816. Given the statutes' distinct language, *Fama* cannot be read to support the separate proposition that Sections 2254 and 2255 both exclude petitions regarding the execution of a prisoner's sentence. Even if *Fama* could be read in such a manner, it would conflict with the Second Circuit's later decision in *Cook*. 321 F.3d at 278.

[3] Petitioner cites *Saulsberry v. Lee* for the proposition that he may proceed with his Petition under Section 2241, but in that case, the Sixth Circuit was examining the distinction between pretrial detainees and state inmates with final state court judgments. 937 F.3d 644, 647 (6th Cir. 2019) ("[Section] 2254 is the exclusive vehicle of habeas relief for prisoners in custody under a state judgment." (internal quotation marks omitted)). Pretrial detainee stand on different habeas footing than convicted state prisoners. The plain language of Section 2254 does not apply to pretrial detainees and relief under Section 2241 might be appropriate for such a petitioner. *See* 28 U.S.C. § 2254 (specifying that it applies to "person[s] in custody pursuant to the *judgment* of a State court"); *Evil v. Whitmer*, No. 20-CV-343, 2020 WL 1933685, at *2–4 (W.D. Mich. Apr. 22, 2020) (analyzing Section 2241 COVID-19 related habeas claim of pretrial detainee and holding that detainee failed to exhaust available state remedies); *Mays v. Dart*, No. 20-CV-2134, 2020 WL 1812381, at *5 (N.D. Ill. Apr. 9, 2020) ("28 U.S.C. § 2241[] . . . is the appropriate way for a state pretrial detainee to challenge his or her detention.").

Petitioner also cites several cases involving habeas claims by civil immigration detainees in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement. ECF No. 6 at 3–4; *e.g.*, *Jones v. Wolf*, No. 20-CV-361, 2020 WL 1643857 (W.D.N.Y. Apr. 2, 2020). Like state pretrial detainees, such petitioners are not in custody pursuant to a state-court judgment and 28 U.S.C. § 2254 is inapplicable.

[4] Petitioner cites *Felker v. Turpin* for the proposition that he may bring his claim under 28 U.S.C. § 2241. 518 U.S. 651, 662 (1996). *Felker* supports this Court's holding. In that case, the Supreme Court explained that the Court's "authority to grant habeas relief to state prisoners *is* limited by [Section] 2254, which

The Second Circuit in *Jones*, however, cited no authority for the proposition that state prisoners may bring conditions of confinement petitions pursuant to Section 2241, 720 F.3d at 147 (citing cases examining whether prior habeas petitions counted as strikes for purposes of the PLRA), and this suggestion conflicts with the Second Circuit's holding in *Cook*. As other judges have found in similar cases in this District and this Circuit, this Court is bound by the Second Circuit's holding in *Cook* and the plain language of Section 2254. *Griffin*, 2020 WL 2735886, at *4–5 (collecting cases); *Dafoe v. Wolcott*, No. 20-CV-6269, 2020 WL 2703448, at *1–2 (W.D.N.Y. May 26, 2020); *Brooks v. Wolcott*, No. 20-CV-516, 2020 WL 2553030, at *3–4 (W.D.N.Y. May 20, 2020); *see also Jenkins v. Duncan*, No. 02-CV-673, 2003 WL 22139796, at *3 (N.D.N.Y. Sept. 16, 2003) ("Since Jenkins is a state prisoner challenging the execution of his sentence, this proceeding is properly considered under, and is necessarily subject to, the laws governing habeas petitions brought under 28 U.S.C. § 2254."). Petitioner's claim regarding his conditions of confinement must be brought under Section 2254.[5]

---

specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a state court.'" *Id.* (quoting 28 U.S.C. § 2254).

[5] Because the Petitioner is proceeding *pro se*, his Petition is held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The Petition and Petitioner's related submissions must be construed "liberally." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). Accordingly, the Court briefly considers whether Petitioner could obtain relief under Section 1983, which may provide certain redress for inmates complaining of the conditions of their confinement. *See Thompson*, 525 F.3d at 209 ("If a *pro se* litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks."). Section 1983, however, does not afford claimants the opportunity to seek release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Llewellyn*, 2020 WL 2525770, at *4 (holding that petitioner had not stated a Section 1983 claim where he sought release and transfer to post-release supervision) (citing *Evil*, 2020 WL 1933685, at *2–3 ("[T]he relief Petitioner seeks—release from custody—is available only upon habeas corpus review.")). Petitioner claims that Respondent has "no effective way to protect [Petitioner] from" COVID-19. ECF No. 1 at 9. The only remedy requested by Petitioner is release from custody. *Id.* at 10. Accordingly, Section 1983 is unavailable to the Petitioner.

## II.  Opportunity to Withdraw

Because 28 U.S.C. § 2244 imposes limitations on "second or successive" Section 2254 petitions, courts must typically "provide[] notice and an opportunity to withdraw a petition improperly filed under [Section] 2241 before the district court converts it to a [Section] 2254 petition." *Dafoe*, 2020 WL 2703448, at *1–2 (internal quotation marks omitted); *see also Cook*, 321 F.3d at 281–82. Accordingly, the Court advises Petitioner of its intent to convert his Section 2241 petition into a Section 2254 petition. As a result of such conversion, any subsequent Section 2254 petition may be subject to restrictions. *See* 28 U.S.C. § 2254(b). The Court further advises Petitioner that he may withdraw the Petition without prejudice to avoid conversion.[6]

## III.  Petitioner's Motion for Judgment on the Pleadings

Petitioner moves for judgement on the pleadings or a default judgment. ECF No. 8. Petitioner argues that, by filing her motion to convert, Respondent was simply attempting to "buy time" and should "be held in contempt or in default." ECF No. 6 at 3; *see also* ECF No. 7 ¶ 13. Petitioner further argues that Respondent has disobeyed the Court's scheduling order dated May 6, 2020, ECF No. 3, by filing the motion to convert instead of an answer. ECF No. 6 at 4; ECF No. 7 ¶ 11. Because this Court is granting Respondent's motion, it is clearly not some frivolous attempt to buy additional time. Further, the Court's order permitted Respondent to file a motion to dismiss in lieu of an answer. ECF No. 3 at 1. Although Respondent's motion did not go to the merits of the Petition, Respondent's motion altered the statutory basis for the Petition, which requires the Court to take further action—permitting Petitioner the opportunity to withdraw the

---

[6] Petitioner has stated that he "refuses [to] withdraw his [Section] 2241 habeas petition." ECF No. 6 at 3; *see also* ECF No. 7 ¶¶ 14–15. Out of an abundance of caution, the Court will provide Petitioner an additional opportunity to withdraw the Petition without prejudice after notice of the Court's intent to convert the Petition.

Petition—before requiring a response to the merits of the Petition. Accordingly, Respondent's motion was appropriate and timely under the Court's order. ECF Nos. 3, 4. Petitioner's motion for judgment on the pleadings or default is denied as moot. *See Brooks*, 2020 WL 255303, at *5.

## CONCLUSION

For the foregoing reasons, Respondent's motion to convert, ECF No. 4, is GRANTED, and Petitioner's motion for judgment on the pleadings or default, ECF No. 6, is DENIED. If Petitioner wishes to withdraw the Petition without prejudice, he must inform the Court in writing no later than **June 11, 2020**. If he fails to so inform the Court, the Petition will be converted to a Section 2254 petition without further order or action by the Court.

Respondent further requests a fifteen-day stay of the deadline to answer the Petition. That request is GRANTED IN PART. If Petitioner does not withdraw the Petition, Respondent must file her answer no later than **June 19, 2020**. Petitioner must file any reply no later than **June 26, 2020**.

IT IS SO ORDERED.

Dated: June 2, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court