UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TERRY STEWARD,

        Petitioner,

   v.

JULIE WOLCOTT, Orleans Corr. Fac. Superintendent,

        Respondent.

Case # 20-CV-6282-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Petitioner Terry Steward is an inmate at the Orleans Correctional Facility serving a state-imposed sentence for manslaughter. ECF No. 9 at 4–6. Petitioner claims that the conditions of his confinement render his continued confinement unconstitutional due to the dangers presented by the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic. *Id.* at 6–8. Petitioner seeks immediate release from custody. *Id.* at 10. On June 19, 2020, Respondent Julie Wolcott filed a motion to dismiss the Petition for failure to exhaust state remedies as required by 28 U.S.C. § 2254.[1] ECF No. 14. On June 26, 2020, Petitioner responded in opposition to Respondent's motion. ECF No. 15. For the following reasons, Respondent's motion to dismiss the Petition is GRANTED.

---

[1] Petitioner initially brought his Petition under 28 U.S.C. § 2241, ECF No. 1, but upon motion of the Respondent, the Court informed Petitioner of its intent to convert his petition into one brought pursuant to Section 2254 and gave him the opportunity to withdraw the Petition. ECF No. 8; *Steward v. Wolcott*, No. 20-CV-6282, 2020 WL 2846949 (W.D.N.Y. June 2, 2020). Petitioner subsequently filed a motion to withdraw his initial petition and requested that the Court allow him to file a new petition pursuant to Section 2254. ECF No. 9. In the interest of judicial economy and construing Petitioner's *pro se* submissions liberally, the Court allowed Petitioner to withdraw his original petition without prejudice and substitute his newly filed Petition pursuant to Section 2254 as the operative petition in this matter. ECF No. 11.

## DISCUSSION

**I.     Statutory Basis for the Petition**

After initially requesting that the Court construe Petitioner's claim for relief as one pursuant to Section 2254, Respondent has switched gears and now argues that Section 2254 is not a valid avenue for relief and that the Petition is properly construed as a claim for relief pursuant to 42 U.S.C. § 1983.[2] ECF No. 14-5 at 1–4. The Court disagrees.

The Court previously held that Section 1983 is unavailable to Petitioner because he seeks only release from custody and no other relief. ECF No. 8 at 7 n.5; *Steward*, 2020 WL 2846949, at *4 n.5; *see also Harrison v. Wolcott*, No. 20-CV-6270, 2020 WL 3000389, at *3 (W.D.N.Y. June 4, 2020) (rejecting motion to dismiss similar habeas petition as improperly filed Section 1983 claim). In the Second Circuit, prisoners may bring conditions of confinement claims as petitions for habeas corpus. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008). Accordingly, to the extent Petitioner is entitled to the relief he seeks (release from custody), the only viable mechanism for that relief is a habeas corpus petition pursuant to Section 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Llewellyn v. Wolcott*, No. 20-CV-498, 2020 WL 2525770, at *4 (W.D.N.Y. May 18, 2020) (holding that petitioner had not stated a Section 1983 claim where he sought release and transfer to post-release supervision) (citing *Evil v. Whitmer*, No. 20-CV-343, 2020 WL 1933685, at *2–3

---

[2] Although the Court ultimately dismisses the Petition based on Petitioner's failure to exhaust state remedies, *see infra* Section II, the Court addresses this argument to determine whether it should liberally construe the Petition as stating a claim for relief pursuant to Section 1983. *See* ECF No. 8 at 7 n.5; *Steward*, 2020 WL 2846949, at *4 n.5.

(W.D. Mich. Apr. 22, 2020) ("[T]he relief Petitioner seeks—release from custody—is available only upon habeas corpus review.")).

Contrary to the Respondent's arguments, the Second Circuit's two paragraph disposition in *Kielly v. Fitzpatrick*, does not cause the Court to reconsider its prior holding. No. 20-1496, Dkt. 20 (2d Cir. June 4, 2020). In that case, the Second Circuit declined to grant the petitioner the right to file a successive Section 2254 petition, but it transferred the petition to the Northern District of New York to consider any potential claim related to the lawfulness of her "current conditions of confinement, such as one properly brought pursuant to [Section] 1983." *Id.* The Second Circuit's disposition in *Kielly* does not, as Respondent suggests, stand for the proposition that a habeas petition is an improper vehicle for a conditions of confinement claim seeking release; instead, the court merely directed the district court to examine, in the first instance, whether the petition in that case had set forth a valid conditions of confinement claim. *Id.* A conclusion that a habeas petition is an improper vehicle for such a claim would conflict with the Second Circuit's clear holding to the contrary. *Thompson*, 525 F.3d at 209;[3] *see also Roba v. United States*, 604 F.2d 215, 219 n.4 (2d Cir. 1979) (suggesting in dicta that conditions of confinement claims may be brought under Section 2254); *Williams v. Ward*, 556 F.2d 1143, 1150–52 (2d Cir. 1977) (discussing claims

---

[3] Respondent points out that *Thompson* related to a federal prisoner's challenge of the conditions of his confinement pursuant to 28 U.S.C. § 2241, not a state prisoner's challenge of the conditions of his confinement pursuant to Section 2254. ECF No. 14-5 at 3 n.2. Respondent is correct. In *Thompson* the Second Circuit speculated that certain claims might be appropriately brought under Section 2241 that could not be appropriately brought under Section 2254. 525 F.3d at 210 n.4. The Second Circuit, however, was referring to the limits on Section 2254 habeas petitions discussed by the Supreme Court in *Muhammad v. Close*, 540 U.S. 749 (2004). In that case, the Supreme Court noted that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," but held that the strictures of Section 2254 were not "implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." *Id.* at 750–51. Given *Muhammad*'s focus on cases that do not relate to the duration of an individual's sentence, there is no reason to conclude that the Second Circuit's decision in *Thompson* does not apply with equal force to both Section 2241 and Section 2254 petitions where the petitioner seeks release from custody.

appropriately brought under Section 1983 and/or under Section 2254); *Elleby v. Smith*, No. 20-CV-2935, 2020 WL 2611921, at *2–3 (S.D.N.Y. May 22, 2020) (noting that the Second Circuit has held, with respect to prisoners in federal custody, that habeas petitions may address conditions of confinement but declining to resolve the question with respect to state prisoner's habeas petition related to COVID-19 and collecting cases addressing the issue).

Respondent further argues that Petitioner cannot convert his claim into a habeas corpus action by requesting a remedy that is available in such actions. ECF No. 14-5 at 4. But the relief requested is critical in differentiating Section 1983 actions from habeas corpus petitions. *E.g. Muhammad v. Close*, 540 U.S. 749, 754 (2004) (finding that Court of Appeals erred in failing to look to the relief sought by the plaintiff). Accordingly, because Petitioner has provided no indication that he seeks any relief other than release from custody, the Petition appropriately falls within the ambit of Section 2254.

## II.     Failure to Exhaust Administrative Remedies

Respondent also argues that relief is unavailable to Petitioner under Section 2254 because he has failed to exhaust state remedies. ECF No. 14-5 at 4–6. The Court agrees.

Section 2254 contains a strict statutory exhaustion requirement barring relief unless the "applicant has exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). A petitioner has exhausted his constitutional claims if he has "presented [them] to the highest state court from which a decision can be obtained." *Lewis v.*

*Bennett*, 328 F. Supp. 2d 396, 403 (W.D.N.Y. 2004) (*citing Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)).

Petitioner does not claim that he has exhausted his available state court remedies. ECF No. 15. Instead, Petitioner argues that he exhausted his "administrative remedies" before filing his petition. *Id.* at 2. Petitioner's exhaustion of administrative remedies, however, is not relevant. Under Section 2254, Petitioner must show that he has exhausted "all available *state court* remedies before filing" his petition. *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) (emphasis added); *see Griffin v. Cook*, No. 20-CV-589, 2020 WL 2735886, at *3 n.1 (D. Conn. May 26, 2020) (noting distinction between requirement to exhaust state court remedies and obligation "to exhaust administrative remedies with prison authorities as required under the federal Prison Litigation Reform Act").

Petitioner further argues that the exhaustion requirement should be waived because exhaustion would be futile and the process is incapable of granting adequate relief. ECF No. 15 at 3–4. Although these exhaustion exceptions are generally available in the context of judge-made exhaustion requirements—such as the exhaustion requirement associated with 28 U.S.C. § 2241—they are not necessarily available in the context of a statutory exhaustion requirement—like that found in Section 2254. *See James*, 308 F.3d at 167 ("Section 2254(b)(1) requires state prisoners to exhaust all available state court remedies before filing a Section 2254 petition, whereas Section 2241 contains no such exhaustion requirement."); *Martinez-Brooks v. Easter*, No. 20-CV-569, 2020 WL 2405350, at *18 (D. Conn. May 12, 2020) ("Exhaustion in the context of Section 2241 habeas petitions is a judge-made rule subject to judge-made exceptions. . . . Those exceptions include futility . . . ; incapability . . . ; and undue prejudice . . . ." (collecting cases)). Even assuming these exhaustion exceptions were available here under the umbrella of Section 2254's statutory

5

exhaustion exceptions, *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."), Petitioner has not shown that filing his claims in state court would be futile or that the state courts are incapable of granting adequate relief.

Petitioner apparently has not even attempted to bring his action in state court. ECF No. 14-1 at 2. Although New York state courts have implemented limitations related to COVID-19, those limitations do not apply to "emergency applications related to the coronavirus." ECF No. 14-4; *Brady v. Wolcott*, Nos. 20-CV-580, 19-CV-1280, 2020 WL 3270378, at *6 (W.D.N.Y. June 17, 2020) ("Indeed, New York state courts have received, and resolved, claims and petitions seeking release from state custody in connection with the COVID-19 pandemic." (collecting cases)); *see also Money v. Pritzker*, Nos. 20-CV-2093, 20-CV-2094, 2020 WL 1820660, at *21 (N.D. Ill. Apr. 10, 2020) (holding that Section 2254's exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"). As other courts in this Circuit have found in similar contexts, Petitioner must exhaust state remedies. *Brady*, 2020 WL 3270378, at *7; *Griffin*, 2020 WL 2735886, at *5; *Elleby*, 2020 WL 2611921, at *4. Because Petitioner failed to do so here, the Petition must be dismissed.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss, ECF No. 14, is GRANTED, and the Petition is dismissed without prejudice.

IT IS SO ORDERED.

Dated: July 1, 2020
      Rochester, New York

                                    HON. FRANK P. GERACI, JR.
                                            Chief Judge
                                   United States District Court